IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD ERNEST ALLEE,　　　　　　　　　　　　　　　　CV. 06-187-JE

　　　　Plaintiff,　　　　　　　　　　　　　　　　　ORDER

　v.

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

　　　　Defendants.

BROWN, District Judge.

This case comes before the Court on Plaintiff's Motion for Preliminary Injunction (#26). Plaintiff, a convicted sex offender, asks the Court to enjoin defendants from housing sex offenders with other inmates whose criminal records do not contain any sexual offenses.

I.　**Standards**.

A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious

1 - ORDER

questions are raised and the balance of hardships tips in its favor. <u>LGS Architects, Inc. v. Concordia Homes of Nevada</u>, 434 F.3d 1150, 1155 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. <u>Id</u>. A request for a mandatory injunction, seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. <u>Stanley v. Univ. of S. Cal.</u>, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

**II.   Analysis**.

Plaintiff alleges he is at substantial risk of physical harm within the Oregon Department of Corrections because he is a sex offender, and is therefore viewed as a target within the prison. The Court construes this claim as arising out of the Eighth Amendment based on defendants' failure to provide Plaintiff with adequate protection.

A prison official's conduct violates the Eighth Amendment only if two conditions are met. First, the litigant must allege a deprivation which is "sufficiently serious" when viewed objectively. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). For a claim based on failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id</u>.

Second, the litigant must demonstrate that a prison official acted with deliberate indifference. Id. In order to satisfy the standard of deliberate indifference, a litigant must show that a prison official knew of and disregarded an excessive risk to inmate health or safety. Id at 837; Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). With respect to injunctive relief, deliberate indifference "should be determined in light of the prison authorities' current attitudes and conduct . . . at the time suit is brought and persisting thereafter." Farmer, 511 U.S. at 845 (internal citation omitted).

The evidence before the Court shows that on August 4, 2006, Plaintiff inquired about a possible housing reassignment for safety reasons, but he "could not provide any names or descriptions of potential assailants, nor could he provide information about verifiable instances that would lead a reasonable person to fear for his safety." Affidavit of Brian Bemus, p. 4. He admitted no one had actually threatened him, and told the investigating sergeant, "It's just a feeling." Id at 4-5. The investigating sergeant also interviewed Plaintiff's cellmate to ensure that no threats had been made against Plaintiff, and the cellmate indicated he knew of no such threats. Id at 5.

Prison officials have not been deliberately indifferent to Plaintiff's situation. To the contrary, it appears they diligently inquired into the nature of Plaintiff's concerns and took

appropriate steps to address those concerns. Accordingly, Plaintiff's chance of success on the merits of his Eighth Amendment claim is low.

In addition Plaintiff has not demonstrated he faces a substantial risk of serious harm. Specifically, he: (1) has not presented evidence of any prior assault based on his criminal history; (2) cannot identify any specific threat made against him; and (3) cannot name any inmate who may want to harm him. The risk of serious harm to Plaintiff based on his placement in the general population is therefore best described as highly speculative. For these reasons, Plaintiff is not entitled to a preliminary injunction.

## **CONCLUSION**

Plaintiff's Motion for Preliminary Injunction (#26) is DENIED.

IT IS SO ORDERED.

DATED this  1st  day of September, 2006.

                                    /s/ Anna J. Brown
                                      Anna J. Brown
                                      United States District Judge